UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KINLEY MACDONALD, et al.,

    Plaintiffs,

        v.                        CAUSE NO. 3:24-CV-372-GSL-APR

DANIEL JOHNSON, et al.

    Defendants.

OPINION AND ORDER

Kinley MacDonald, a prisoner without a lawyer, filed a complaint. ECF 1. She includes her minor children as plaintiffs too, and together they are suing a list of defendants so long it spans the first thirteen pages of her forty-page complaint. That list includes the fathers of her children, judges, attorneys, guardians ad litem, clerks, Division of Health and Human Services employees, Child Protective Services employees, members of committees that oversee the bar and bench, foster parents, medical providers, and the Governor of Maine.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

MacDonald alleges that her minor children were wrongfully removed from her custody and mistreated while in foster care. She takes issue with the way proceedings in other courts, including proceedings regarding the termination of her parental rights, were conducted. She is suing each of the defendants for their alleged role in matters that have prevented her from being with her children. She seeks a declaratory judgment that the plaintiffs' rights were violated. She also seeks preliminary and permeant injunctive relief. More specifically, she asks that the court order the defendants to cease their unlawful actions that are preventing MacDonald from having contact with her minor children.

MacDonald describes protracted proceedings regarding her children taking place in both Indiana and Maine. Child custody, visitation, and the termination of parental rights are not within the jurisdiction of the federal courts. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism; and *Moore v. Sims*, 442 U.S. 415 (1979), extended the *Younger* doctrine to include child custody cases. So too, visitation and the termination of parental rights are beyond the scope of a federal court.

Additionally,

> The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions. Furthermore, the Rooker-Feldman principle extends to claims that are inextricably intertwined with the state-court judgment such that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. The pivotal question, then, is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct

2

from that judgment. To put it another way, the key inquiry is whether the district court is in essence being called upon to review the state-court decision.

*Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) (citations and quotation marks omitted).

Here, MacDonald is understandably concerned about the issues involving her children and her parental rights. However, the federal court is not the proper place to address these concerns. This has been explained to MacDonald before. *See MacDonald v. Duddy*, No. 3:22-CV-1002-DRL-MGG, 2023 WL 158014, at *1 (N.D. Ind. Jan. 10, 2023), *appeal dismissed,* No. 23-1181, 2023 WL 9423942 (7th Cir. Oct. 20, 2023), *cert. dismissed,* No. 23-7092, 2024 WL 2805863 (U.S. June 3, 2024); *MacDonald v. Duddy*, No. 2:22-CV-00293-JAW, 2023 WL 6807592, at *1-2 (D. Me. Oct. 16, 2023). It is frivolous to bring claims based on circumstances over which this court cannot adjudicate. Furthermore, it was malicious for MacDonald to do so because she has been told she cannot proceed on such claims at least twice before.

Finally, MacDonald lists her minor children as defendants, but she cannot represent her minor children in this action. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (to protect the interests of the minor party, "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party.") MacDonald filed a motion for appointment of counsel, but here it would be futile to appoint counsel to represent either MacDonald or her children because the outcome of this case would be the same with or without counsel. Neither she nor her children can proceed on these

3

claims in this court. Therefore, MacDonald's request for counsel will be denied, and her children will be dismissed from this action without prejudice.

MacDonald also asks for an opportunity to amend once counsel is appointed. Just as it would be futile to appoint counsel for MacDonald, it would be futile to allow her to amend her complaint. The subject area is simply not one that can be adjudicated here.

MacDonald also filed a motion asking the court to serve the defendants. Service occurs only after the court determines that the complaint states a claim. MacDonald's complaint does not state a claim, and this motion will therefore be denied.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this court:

(1) DISMISSES WITHOUT PREJUDICE MacDonald's minor children A.J., B.M., and W.M.;

(2) DENIES MacDonald's motion for counsel (ECF 3);

(3) DENIES MacDonald's motion to amend (ECF 4);

(4) DENIES MacDonald's motion for service (ECF 2); and

(5) DISMISSES this case as frivolous and malicious pursuant to 28 U.S.C. §

1915A.

SO ORDERED on June 7, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT